IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CR. No. C-02-289 (1) |
| | § | C.A. No. C-04-51 |
| LAURENCIO MARTINEZ-RAMIREZ. | § | |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

By Order entered December 29, 2004, this Court denied Laurencio Martinez-Ramirez's ("Martinez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 62.) Judgment was entered against him on the same date. (D.E. 63.) This Court granted him a limited Certificate of Appealability, however, as to whether or not he was denied effective assistance of counsel due to a conflict of interest by his counsel. (D.E. 62 at 28-29.) The Fifth Circuit affirmed this Court's judgment in a per curiam opinion filed October 13, 2006. (D.E. 75). According to the Fifth Circuit's docket sheet in that case, Martinez did not file a petition for writ of certiorari. (See generally docket in Martinez-Ramirez v. United States, No. 05-40182 (5th Cir.).)

On March 21, 2007, the Clerk received from Martinez a motion titled as a motion for relief from judgment pursuant to Rule 60(b)(6), Fed. R. Civ. P., in which he requests that this Court vacate its order and judgment denying his § 2255 motion. (D.E. 78.) He challenges the denial of his § 2255 motion on two related grounds. First, he alleges that the government committed fraud upon the Court because it claimed that Roberto Izaguirre was

1

not representing Martinez, but that only Lazaro Izaguirre was representing him. Second, he claims that the government engaged in misconduct by failing to bring the issue to the Court's attention.

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) misconduct of adverse party, (4) void judgment, (5) judgment satisfied, or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Motions under Rule 60(b) are directed to the sound discretion of the district court. Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1082 (5th Cir. 1984).

Both of the claims Martinez raises in his Rule 60(b) motion are premised on Martinez's continued assertion that both attorneys were representing him or that he did not know who was representing him. He claims that because the Court did not know who was representing him, the Court's judgment on his § 2255 motion must be vacated. (See D.E. 78 at 8.) Martinez is incorrect.

As an initial matter, the Court notes that the issue of who was representing Martinez and his related claim that there was a conflict of interest due to the alleged dual representation were addressed at length in the Court's order denying his § 2255 motion. (See D.E. 62 at 22-25.) Moreover, the Court granted Martinez a COA on the issue of

whether he was denied effective assistance of counsel due to a conflict of interest. (D.E. 62 at 28-29.) The Fifth Circuit, in addressing the claim, held:

> Even if it is assumed that Martinez-Ramirez has established that Roberto was acting as his counsel, he has failed to show that an actual conflict of interest existed regarding Roberto or Lazaro.

(D.E. 75 at 2.) Thus, in his Rule 60 motion, Martinez continues to harp on an issue that was addressed by both this Court and the Fifth Circuit and found to have no merit. Quite simply, then, he has not presented any grounds to the Court warranting relief from the judgment. See Rule 60(b), Fed. R. Civ. P.

Accordingly, Martinez's motion for relief from judgment (D.E. 78) is DENIED.

ORDERED this 30th day of March, 2007.

*/s/ Hayden Head*
HAYDEN HEAD
CHIEF JUDGE